UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ELIZABETH ANN HENDERSON, et al.,  )
  )
  )
      Plaintiffs,  )    Case No.  4:24-CV-1688-ACL
  )
      vs.  )
  )
BANK OF AMERICA, N.A.,  )
  )
      Defendant.  )

## MEMORANDUM AND ORDER

Plaintiffs Elizabeth Ann Henderson and Duke Brown, husband and wife, filed this action against Defendant Bank of America N.A., alleging negligence, loss of consortium, and punitive damages claims related to injuries Henderson sustained while leaving Defendant's business. Presently pending before the Court is Defendant's Motion for Summary Judgment. (Doc. 22.) The Motion is fully briefed and ready for disposition.

### I.    Background

On February 26, 2018, Plaintiff Henderson conducted personal banking at Defendant's bank branch in St. Louis, Missouri. Plaintiff alleges that, upon leaving the business, she tripped and fell on Defendant's "exit ramp" after her shoe caught a "raised slab of concrete on the path from Defendant's bank to the parking area," causing Plaintiff to "fall violently to the pavement." (Doc. 4 at 2.) Plaintiff alleges that, prior to her fall, "other business invitees put Defendant on notice previously of the defective condition by informing Defendant that the concrete was raised, in violation of the St. Louis City Building Code, thereby creating an unreasonable risk of injury."

1

*Id.* at 2-3. Plaintiff states that she sustained severe injuries due to the fall, including contusions to her right arm; serious and permanent damage to her teeth; pain in her right shoulder, arm, wrist, and upper and lower spine; and anxiety, mental, and emotional distress. Additionally, Plaintiff alleges that she incurred medical expenses in the amount of $102,000 to date, lost wages, and other damages as a direct and proximate result of her injuries.

In Count I of the Complaint,[1] Plaintiff Henderson assert a premises liability negligence claim against Defendant based on the injuries sustained from her fall. Plaintiff alleges that Defendant negligently failed to maintain the premises under Defendant's control in a reasonably safe condition. Plaintiff asserts that Defendant, as owner and operator of the financial institution, knew or could reasonably have known of the "raised concrete on Defendant's premises and under Defendant's control, and that said concrete created an unreasonable risk of harm" to Plaintiff and Defendant's other customers. *Id.* at 4. She alleges that Defendant failed to warn Plaintiff and other similarly situated of the danger presented by the raised concrete on Defendant's premises at the point of ingress and egress, and failed to "cordon off the defective condition on the premises." *Id.* at 5. As a direct and proximate cause of Defendant's alleged negligence, Plaintiff states that she tripped and fell while on Defendant's premises as an invitee and sustained serious injuries and damages.

In Count II, Plaintiff Duke Brown asserts a loss of consortium claim against Defendant, for the loss of services, care, companionship, and support of Plaintiff Henderson after she suffered serious and permanent injuries proximately caused by Defendant.

---

[1] Plaintiff originally filed this action in the Circuit Court of the City of St. Louis, Missouri. (Doc. 4.) The action was removed by Defendant on the basis of diversity of citizenship. (Doc. 1.)

2

Finally, Plaintiff Henderson asserts a claim for punitive damages in Count III.  Plaintiff alleges that Defendant's actions in failing to correct a defective condition on its premises for an unreasonably long period of time "is utterly intolerable and should shock the conscience of ordinarily prudent persons." *Id.* at 7.  Plaintiff further states that Defendant "unreasonably delayed acknowledgement of Plaintiff Elizabeth Ann Henderson's claim for serious and permanent injuries thereby causing or contributing [to] cause Plaintiff Elizabeth Ann Henderson to suffer extreme physical and mental anguish and emotional upset." *Id.*

Defendant moves for summary judgment, arguing Plaintiffs' claim for premises liability fails as a matter of law as Defendant was not a possessor of the path on which Plaintiff Henderson fell.  Defendant contends that Plaintiffs' claims for loss of consortium and punitive damages also fail, because they depend upon the premises liability claim.

In response, Plaintiffs argue that Defendant's Motion should be denied, because Defendant has the duty to make the ingress and egress to its premises safe.

## II.    Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S.  317, 322 (1986).  The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).

After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita 333Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  A genuine issue of material fact is not the "mere existence of

3

some alleged factual dispute between the parties." *State Auto. Ins. Co. v. Lawrence,* 358 F.3d 982, 985 (8th Cir. 2004). "Instead, the dispute must be outcome determinative under prevailing law." *Mosley v. City of Northwoods,* 415 F.3d 908, 910-11 (8th Cir. 2005) (internal quotations omitted). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

### III.    Facts

The following facts are taken from Defendant's Statement of Uncontroverted Material Facts in Support of Defendant's Motion for Summary Judgment:

On February 26, 2018, Plaintiff Henderson fell on the concrete "on the path from Defendant's bank to the parking area" outside of the Bank of America branch located at 4625 Lindell Boulevard, St. Louis, Missouri, 63108. (Doc. 4 at 2.) At the time of Plaintiff's fall, Defendant leased the drive through and certain internal portions of the premises located at 4625 Lindell Boulevard. Defendant did not lease the exterior area of the premises where Plaintiff fell. Pursuant to Article III of the lease, the landlord was responsible for maintaining the parking facility, which includes the "connecting walkways…or other means of access to the Building." (Doc. 23 at 2.)[2]

---

[2] The quoted language Defendant attributes to the lease is not found in the portions of the document provided to the Court. The lease provides that the landlord is responsible for the "[m]aintenance and cleaning of the Building, Parking Facility, common areas on each floor of the Building on which any part of the Leased Premises is situated, general common areas and landscaped areas..." (Doc. 23-5 at 4.) The term "Parking Facility" is not included in the list of definitions provided, nor is the term defined anywhere else in the documents. *Id.* at 5. Because Plaintiffs do not dispute that Defendant's landlord is responsible for the maintenance of the area where Plaintiff Henderson fell, the undersigned will construe this fact as admitted.

Plaintiffs do not directly dispute any of Defendant's statements of material facts.  Instead, Plaintiffs first argue that there is no foundation for the introduction of the lease offered by Defendant in support of its Motion.  Plaintiffs next argue that the area where Plaintiff Henderson fell "appeared to be a part of the Bank of America's premises as it led directly to its premises and its defective condition should have been known to the Defendant."  (Doc. 28 at 1.)  Finally, Plaintiffs state that they "may need additional time to take the deposition of Defendant's employees to determine the relationship between the landlord and Defendant and the actual obligations of the Defendant as well as the knowledge of the Defendant to the dangerous condition exiting directly outside of its premises."  *Id.*

## DISCUSSION

### A.  Admissibility of the Lease

Plaintiffs first argue that there are no grounds for admitting the lease relied upon by Defendant ("Lease") as no affidavit setting forth a proper foundation for its admission was submitted.  Defendant responds that Plaintiffs' objection to the admissibility of the Lease should be overruled, because the documents will be presented in an admissible form at trial.

At the summary judgment stage, it need not be proved that the evidence would be admitted, but only that it "*could* be presented at trial in an admissible form." *Smith v. Kilgore*, 926 F.3d 479, 485 (8th Cir. 2019) (citation omitted) (emphasis in original).

Here, Defendant states that the Lease documents will be presented at trial as a business record pursuant to Federal Rule of Evidence 803(6), with the proper foundation and authentication provided by Defendant's custodian of records.  The Court finds that Defendant

5

could present the documents at issue in an admissible form based on these representations. Thus, the Lease will be considered in ruling on Defendant's Motion for Summary Judgment.

### B. Plaintiff's Premises Liability Claim

The parties agree that Missouri law governs, as the Court's jurisdiction over this matter is based on diversity of citizenship. *See Hodge ex rel. Farrow v. Walgreen Co.*, 37 F.4th 461, 464 (8th Cir. 2022) ("Because we are a federal court sitting in diversity, we apply the substantive law of the forum state.") In Missouri, "[t]he possessor of land owes to an invitee the duty of reasonable care to make the premises safe for that invitee, including warning the invitee of dangerous conditions he is unlikely to discover." *Lacy v. Wright*, 199 S.W.3d 780, 783 (Mo. Ct. App. 2006) (citing *Bartel v. Cent. Mkts, Inc.*, 896 S.W.2d 746, 748 (Mo. Ct. App. 1995); and *Bruner v. City of St. Louis*, 857 S.W.2d 329, 332 (Mo. Ct. App. 1993)). To make a submissible premises liability case under Missouri law, an injured invitee must show that:

> (1) a dangerous condition existed on defendant's premises which involved an unreasonable risk; (2) the defendant knew or by using ordinary care should have known of the condition; (3) the defendant failed to use ordinary care in removing or warning of the danger; and (4) the plaintiff sustained injuries as a result of such condition

*Steward v. Baywood Vills. Condo. Ass'n*, 134 S.W.3d 679, 682 (Mo. Ct. App. 2004) (internal citations omitted).

Defendant does not dispute that Plaintiff Henderson was an invitee of Defendant's bank branch located at 4625 Lindell Boulevard. Instead, Defendant argues that it was not a "possessor" of the premises at issue, because Defendant's Lease did not include the area where Plaintiff fell. Defendant notes that the terms of the Lease provide that Defendant's landlord was responsible for maintaining the area. Defendant contends that there are, therefore, "no facts

6

upon which a reasonable juror could find that Defendant had an intent to control the area where Plaintiff fell." (Doc. 24 at 3.)

Plaintiff argues that the contractual obligations between Defendant and its landlord regarding maintenance do not override the common law requirement that Defendant provide an invitee with safe ingress and egress from its premises.

"Missouri Courts have adopted the Restatement (Second) of Torts (1965) with regard to premises liability." *Medley v. Joyce Meyer Ministries*, 460 S.W.3d 490, 495 (Mo. Ct. App. 2015). The Restatement (Second) of Torts defines a "possessor" as a party "in occupation of the land with the intent to control it." *Id.* (quoting Restatement (Second) of Torts section 328E(a)). A non-owner of premises may be a possessor, and ownership is not a requirement for possession of the land in order to establish premises liability. *Medley*, 460 S.W.3d at 496 (quoting *Bowman v. McDonald's Corp.*, 916 S.W.2d 270, 285 (Mo. Ct. App. 1995)) (overruled on other grounds). Consequently, a plaintiff may sue a possessor independently from a landowner. *See Medley*, 460 S.W.3d at 492 (holding defendant organization controlled a temporary display area built in a convention center it did not own when injured plaintiff attendee alleged Defendant placed the display in the area and exercised its rights to admit and exclude people.).

Under Missouri law, a merchant has a duty to invitees to provide a reasonably safe means of ingress and egress. *Demko v. H & H Inv. Co.,* 527 S.W.2d 382, 384 (Mo. Ct. App. 1975); *Cannon v. S.S. Kresge*, 116 S.W.2d 559 (Mo. Ct. App. 1938); *Olds v. St. Louis Nat. Baseball Club*, 119 S.W.2d 1000 (Mo. Ct. App. 1938). As a result, "it has been held that lack of actual dominion or control over the approach used by pedestrians to a place of business does not lessen the duty." *O'Connell v. Roper Elec. Co., Inc.*, 498 S.W.2d 847, 853 (Mo. Ct. App. 1973) (citing

7

*Cannon*, 116 S.W.2d at 559; and *Evans v. Sears, Roebuck and Company*, 104 S.W.2d 1035 (Mo. Ct. App. 1937)).

In *Cannon*, the plaintiff fell stepping onto a concrete slab leading to a parking lot while exiting the defendant's store. 116 S.W.2d at 564. The defendant store leased its premises but did not lease the exterior of the premises, including the parking lot and concrete slab. *Id.* at 572. It was undisputed that Defendant's landlord owned and was responsible for maintenance of the area where the plaintiff fell pursuant to the lease. *Id.* The Court held that the defendant lessee was liable to the plaintiff despite its lack of control of the area. The Court stated:

> The defendant argues further that there is an absence in the record of any evidence tending to establish the defendant's control over the steps, walk, stone slab, and grounds exterior to the building which it occupied as a storeroom, as a lessee of the Ella Investment Company. It has already been explained herein that it was not necessary to the plaintiff's cause of action set up in the petition that the defendant should have had any ownership, dominion, or control of the parking lot or the grounds exterior to the building occupied by it. If it chose to adopt such steps, walk, slab, and grounds exterior to its building as a safe means of entrance into and exit from its store building, and they were not safe, although not in its possession or under its control, it is nevertheless bound, the same as if they had been in its possession and under its control. The defendant in this case is merely charged with the failure to discharge its duty of maintaining the entrance to its store building by way of the door in question in a reasonably safe condition for such entrance and exit therefrom.

*Id.* at 571.

The Court finds that Defendant has failed to sustain its burden of establishing the absence of any genuine issues of material fact. First, Defendant has not established the degree of control it retained over the area. The only evidence submitted by Defendant in support of its Motion is the Lease between Defendant and its landlord, and photographs of the area where Plaintiff fell. The Lease demonstrates—if anything—that the landlord is responsible for maintenance of the

area where Plaintiff fell. It does not conclusively establish that Defendant *exercised no control of* the area. *See, e.g. Hagen v. McDonald's Corp.*, 231 S.W.3d 858, 861 (Mo. Ct. App. 2007) ("General 'control' and management of 'business operations' or a 'restaurant business' does not necessarily entail sole responsibility for the safe condition of an exterior walk.").

Moreover, the contractual liability of a third party for maintenance does not absolve Defendant of its duty to provide its invitees with a reasonably safe means of ingress and egress. *Cannon*, 116 S.W.2d at 571. Defendant attached a photograph (Doc. 23-1) of the area where Plaintiff fell to its Motion. The photograph depicts a concrete area adjoining the entrance to Defendant's bank. Plaintiff alleges that Defendant had prior knowledge about the dangerous condition and failed to warn Plaintiff or "cordon off the defective condition on the premises." (Doc. 4 at 5.) Defendant's Motion does not address this allegation. The Lease's maintenance clause, "to which Plaintiff was neither a party nor in privity, may bear on apportionment of liability" between Defendant and its landlord, *Tiger v. Quality Transp., Inc.*, 375 S.W.3d 925, 928 (Mo. Ct. App. 2012), but it does not entitle Defendant to summary judgment on the record before the Court.

Defendant also requests summary judgment on Plaintiff's loss of consortium and punitive damages claims based upon its premises liability argument. Because the Court has found that general issues of material fact remain precluding summary judgment on Plaintiff's premises liability claim, Defendant is not entitled to summary judgment on these claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 22) is **denied**.

**IT IS FURTHER ORDERED** that a telephone status conference is set for **May 20, 2026, at 11:30 a.m.**

Dated this 12th day of May, 2026.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE